UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **FLETA ERWIN,** | ) Civil No. 3:20-cv-00237 |
| **Plaintiff,** | ) |
| v. | ) |
| | ) **COMPLAINT AND** |
| **ACCORDIUS HEALTH, LLC,** | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| **Defendant.** | ) |

Plaintiff, Fleta Erwin ("Plaintiff"), by and through counsel, brings this action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, against Accordius Health, LLC. ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Defendant unlawfully discriminated against Plaintiff terminating her employment based on her race, African American, in violation of Title VII.

## THE PARTIES

2. Plaintiff is an adult individual who is a resident of Charlotte, North Carolina.

3. Defendant is a foreign business corporation registered and in good standing in the state of North Carolina, with its principal office located at 440 Sylvan Avenue, Suite 240, Englewood Cliffs, NJ 07632.

## JURISDICTION AND VENUE

4. The Court has original federal question jurisdiction under 28 U.S.C. § 1331 for claims the claims brought under Title VII for unlawful discrimination.

5. This Court has personal jurisdiction because Defendant conducts substantial business in Mecklenburg County, North Carolina, which is located within this judicial district.

6. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Charlotte, North Carolina, which is located within this judicial district.

## COVERAGE ALLEGATIONS

7. At all times relevant to this action, Plaintiff was an "employee" covered by the protections of Title VII of the Civil Rights Act of 1964 within the meaning of 42 U.S.C. §2000e(f).

8. Defendant is an "employer" within the meaning of 42 U.S.C. §2000e(b).

9. Defendant employed at least (15) employees at all relevant times.

10. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race on July 26, 2019. The EEOC issued a Notice of Suit Rights on January 22, 2020 and Plaintiff timely brings this action within ninety (90) days of his receipt thereof.

## PLAINTIFF'S FACTUAL ALLEGATIONS

11. Plaintiff began her employment with Defendant stationed at Defendant's Rehabilitation Center in Charlotte, North Carolina (hereinafter "the Nursing Home"), on February 1, 2019. Plaintiff held the position of LPN Charge Nurse.

12. Plaintiff is an African American female who regularly met and/or exceeded Defendant's legitimate expectations.

13. During Plaintiff's employment with Defendant, she worked closely with two other African American female nurses, Tijuana Scott ("Scott") and Henrietta Salmon ("Salmon").

14. In or about Mid-February, 2019, Defendant hired John Altschul ("Altschul") as the Building Administrator of the Nursing Home.

15. In or about late February 2019, Defendant's Director of Nursing for the Nursing Home, Scott Sutton ("Sutton"), told Plaintiff that Altschul had interviewed two nurses, one of which was interviewed for a LPN Nurse position. The applicants Altschul interviewed were white females. When Altschul consulted Sutton about hiring the applicants, Sutton informed Altschul that there were no open positions for the applicants to fill in the Nursing home.

16. On or about March 1, 2019, Altschul informed Plaintiff that two residents of the Nursing Home accused her of verbal abuse and that she was being placed on suspension due to the complaints.

17. The North Carolina Department of Health and Human Services ("NCDHHS") conducted an investigation of the allegations of patient abuse made against Plaintiff. On or about March 7, 2019, NCDHHS concluded its investigation; NCDHHS found the allegations against Plaintiff were unsubstantiated..

18. On or about March 10, 2019, Plaintiff returned to the Nursing Home to meet with Altschul regarding her suspension. Altschul told CP at that time that the allegations of patient abuse against her were unsubstantiated but that Defendant was still terminating her employment.

19. In or about mid-March 2019, Altschul told Salmon that he would be changing the nature of her employment from a full-time employee to an on-call employee that would only work when she was called by Defendant. Salmon was not called in for any shifts at the Nursing Home after the change.

20. In or about Mid-March 2019, during a morning meeting led by Altschul, Altschul stated that he was going to "whitewash" the Nursing Home, insinuating that he was going to remove all non-white employees from the Nursing Home.

21. In or about April 2019, Scott resigned due to harassment by Altschul.

22. In or about mid-late April 2019, one of the two white female nurses that had previously applied for Plaintiff's position began working at the Nursing Home. The white nurse was hired to fill the position Plaintiff held before her termination.

23. Consistent with Altschul's stated intent to remove all employees of color from the Nursing home, he terminated Plaintiff's employment on or about March 10, 2019, because she is African American.

## Plaintiff's First Cause of Action

### (Violation of Title VII – Discrimination based on Race)

24. Plaintiff incorporates by reference Paragraphs 1 through 23 of her Complaint.

25. Defendant unlawfully discriminated against Plaintiff by terminating her employment based on her race, African American, in violation of Title VII.

26. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Plaintiff's right as protected by Title VII.

27. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to Title VII that the Defendant pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendant's unlawful actions;

b) An Order pursuant to the Title VII ordering Defendant to pay punitive damages;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendant willfully violated provisions of Title VII for unlawful discrimination based on race and retaliation;

f) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted this 20th day of April, 2020.

/s/ Jason S. Chestnut
Jason S. Chestnut #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone:   704-612-0038
Email: jason@gibbonsleis.com
          phil@gibbonsleis.com
          craig@gibbonsleis.com

*Attorneys for Plaintiff*